UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 NOV -7 PM 2:29

THOMASINA S. CRAFT-GARDNER, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV-02-S-1402-NE
)
GARY KINNEY, individual, )
GARY KINNEY, as President of )
Kinney Industries, and )
KINNEY INDUSTRIES, )
)
Defendants. )

**ENTERED**

NOV - 7 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

This action is before the court on the motion for partial summary judgment filed by all defendants. This motion is directed to plaintiff's Title VII claims, and asserts that defendant Kinney Industries ("KI") is not an "employer," as that term is defined by Title VII. *See* 42 U.S.C. § 2000e(b). More specifically, KI asserts that it did not, during the period of time at issue, employ the statutory minimum number of employees necessary to invoke Title VII's coverage. Upon consideration of the briefs, evidentiary submissions, and pleadings, the court concludes that defendants' motion is due to be granted.

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

36

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the pleadings, evidentiary submissions, and briefs, this court concludes that defendants' motion is due to be GRANTED.

The issue in this action is whether KI is properly classified as an "employer" for the purpose of Title VII coverage. Unless KI was an employer "'who [had] 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year,' Title VII is inapplicable, and the district court lacks subject matter jurisdiction over [plaintiff's Title VII] claims." *Scarfo v. Ginsberg, DBG 94, Inc.*, 175 F.3d 957, 961 (11th Cir.1999) (quoting 42 U.S.C. § 2000e(b)). Further, the question of whether KI qualifies as an employer under Title VII does not implicate an element of plaintiff's cause of action but, rather, addresses whether Title VII (and hence the basis of this court's jurisdiction) applies in this case. *Scarfo*, 175 F.3d at 961.

> When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the evidence, provided that the

challenge to subject matter jurisdiction does not implicate an element of the cause of action. Fed. R. Civ. P. 12(b)(1) (1998). Because subject matter jurisdiction addresses the power of a court to hear a case, a jury does not resolve factual issues regarding subject matter jurisdiction. Instead, that duty is for the court.

*Id.*

Because the question of whether a defendant meets the statutory definition of "employer" under Title VII is treated as a threshold jurisdictional matter in the Eleventh Circuit, the burden is on plaintiff to show that her "employer" had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year before her Title VII claims can be reached. *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1340-41 (11th Cir. 1999) (citing *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994)).

In response to the subject motion for partial summary judgment, plaintiff filed, and this court granted, motions to amend her complaint, as well as to commence discovery for the purpose of determining whether KI employed the requisite number of employees (doc. no. 10). At the conclusion of that discovery, plaintiff filed evidentiary submissions and a brief in opposition to defendant's motion for summary judgment (doc. nos. 22 & 23). Plaintiff also filed a motion to permit the submission of additional affidavits in response to defendant's motion for summary judgment, which was granted (doc. nos. 25 & 29). Plaintiff's evidentiary submissions set forth the following evidence in support of her assertion that KI is an "employer," as that term is defined by Title VII:

Exhibit "A": affidavit of plaintiff, stating that the allegations in the complaint are accurate.

Exhibit "B": affidavit of an employee of KI, Charles Williams, stating that "during the period of time [plaintiff] worked for Kinney Industries from the year 1997 until approximately January [of] 2002, there were over

fifteen employees working at Kinney Industries." Williams further explains that, during the pertinent time, "there were employees that were considered permanent employees, and others that were labeled as temporary employees[;] however[,] between the combination[,] there were well over fifteen employees working while [plaintiff] was working at Kinney Industries."

Exhibit "C":  a list of twenty-two names, provided by S.O.S. Temporary Services, pursuant to a discovery request. The list is described as "a listing of all of the people who worked at Kinney Industries from July 2000 to date."

Exhibit "D":  a copy of the complaint.

Exhibit "E":  an affidavit of plaintiff, stating that "[t]o the best of my knowledge Loretta Carter, Joey Miller, Leslie Goodman, and Cheryl Stinson were working at Kinney Industries, Inc. during the time I was working there. . . . If these names are not listed with the information provided by SOS Temporary Services or if these names are not listed by Kinney Industries, Inc., I do not know why because they were working for Kinney Industries, Inc."

Even taking plaintiff's evidence as true, it fails to demonstrate that KI had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year in which the actions giving rise to plaintiff's Title VII claims occurred. The mere fact that plaintiff lists more than fifteen employees only demonstrates half the required test. Ironically, plaintiff's brief describes the type of evidence that she should have acquired during discovery, and, submitted on this issue. Even so, her brief mistakenly implies that defendant has the burden of proof here, stating that

> [t]he evidence presented by the Defendant, although sworn to, is certainly incomplete without payroll records, W-2 forms, W-4 forms, 1099s, and time slips, particularly relating to temporary employees. It is merely a Defendant generated documentation which, although self-serving is really not proof to overcome the allegations by the Plaintiff.[1]

---

[1] Plaintiff's brief opposing partial summary judgment, at 1.

Plaintiff's argument ignores the fact that it is not KI's burden to disprove plaintiff's allegation that it is an "employer" under Title VII — *rather, plaintiff must affirmatively prove this fact. Lyes,* 166 F.3d at 1340-41. Accordingly, because even after ample opportunity for discovery, plaintiff failed to prove that KI had the requisite number of employees during the relevant time period, defendant's motion for partial summary judgment as to plaintiff's Title VII claims is due to be granted.

An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this 7th day of November, 2002.

_____
United States District Judge